UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| **AGCS MARINE INSURANCE COMPANY** as Subrogee of **PETROPLEX SWD SYSTEMS, LLC / MIDLAND ENERGY,** § § § § § | |
| **Plaintiff,** § | CIVIL ACTION NO. 7:18-cv-00022-DC |
| **v.** § | JURY |
| **LIGHTNING MASTER CORPORATION,** § § § | |
| **Defendant.** § | |

## LIGHTNING MASTER'S FIRST AMENDED ANSWER
## TO PLAINTIFF'S SECOND AMENDED PETITION

COMES NOW, Lightning Master Corporation ("LMC"), and files this its First Amended Answer to Plaintiff's Second Amended Petition (the "Complaint"), and for such, would show unto the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1. With respect to Paragraph 1 of Plaintiff's Second Amended Petition, no response is necessary as this allegation is only pertinent to the state court proceeding.

### II.   PARTIES

2. With respect to Paragraph 2 of Plaintiff's Second Amended Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and it is therefore denied.

3. Defendant admits the allegations in Paragraph 3 of Plaintiff's Second Amended Petition.

### III.  VENUE

4. With respect to Paragraph 4 of Plaintiff's Second Amended Petition, Defendant admits that a substantial part of the events or omissions giving rise to the claim occurred in Martin County, Texas.

### IV.  JURISDICTION

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Second Amended Petition.

### V.  FACTUAL BACKGROUND

6. With respect to Paragraph 6 of Plaintiff's Second Amended Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and it is therefore denied.

7. With respect to Paragraph 7 of Plaintiff's Second Amended Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and it is therefore denied.

8. With respect to Paragraph 8 of Plaintiff's Second Amended Petition, Defendant admits that Petroplex met with representatives from Lightning Master, but it says that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and so same are denied.

9. With respect to Paragraph 9 of Plaintiff's Second Amended Petition, Defendant admits that its lightning prevention system was represented to be a complete system of strike termination devices, conductors, and grounding electrodes. With respect to the remaining allegations, same are worded in such a way that Defendant is not given fair notice of that which it is being asked to admit or deny, and therefore same are denied.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Second Amended Petition.

11. Defendant denies the allegations of Paragraph 11 of Plaintiff's Second Amended Petition.

12. With respect to Paragraph 12 of Plaintiff's Second Amended Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and it is therefore denied.

13. With respect to Paragraph 13 of Plaintiff's Second Amended Petition, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and it is therefore denied.

14. With respect to Paragraph 14 of Plaintiff's Second Amended Petition, Defendant denies the allegations contained in the first two sentences of that paragraph. With respect to the remaining allegations in Paragraph 14, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and it is therefore denied.

## VI.     CAUSES OF ACTION

**A.     Negligence**

15. To the extent a response is required, Defendant incorporates its responses to the previous paragraphs.

16. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

17. Defendant denies the allegations of Paragraph 17 of Plaintiff's Second Amended Petition.

18. Defendant denies the allegations of Paragraph 18 of Plaintiff's Second Amended

Petition.

19. Defendant denies the allegations of Paragraph 19 of Plaintiff's Second Amended Petition.

20. Defendant denies the allegations of Paragraph 120 of Plaintiff's Second Amended Petition.

**B.  Breach of Contract**

21. To the extent a response is required, Defendant incorporates its responses to the previous paragraphs.

22. Defendant denies the allegations of Paragraph 22 of Plaintiff's Second Amended Petition.

23. Defendant denies the allegations of Paragraph 23 of Plaintiff's Second Amended Petition.

24. Defendant denies the allegations of Paragraph 24 of Plaintiff's Second Amended Petition.

**C.  Negligent Misrepresentation**

25. To the extent a response is required, Defendant incorporates its responses to the previous paragraphs.

26. Defendant denies the allegations of Paragraph 26 of Plaintiff's Second Amended Petition.

**D.  Breach of Implied Warranty – Fitness For A Particular Purpose**

27. To the extent a response is required, Defendant incorporates its responses to the previous paragraphs.

28. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended

Petition.

29. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

**E. Products Liability**

30. To the extent a response is required, Defendant incorporates its responses to the previous paragraphs.

31. Defendant denies the allegations of Paragraph 31 of Plaintiff's Second Amended Petition.

32. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

33. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

34. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

35. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

### VII. CERTIFICATE OF MERIT

36. To the extent a response is required to paragraph 36 of Plaintiffs' Second Amended Petition, Defendant denies that the copy of the Petition served on it had an Exhibit A or an Exhibit B attached thereto.

### VIII. CONDITIONS PRECEDENT

37. Defendant denies the allegations of Paragraph 37 of Plaintiff's Second Amended Petition.

### IX.    JURY DEMAND

38. No response is required to Paragraph 38 of Plaintiff's Second Amended Petition.

### X.    DAMAGES

39. Defendant denies the allegations of Paragraph 39 of Plaintiff's Second Amended Petition.

### XI.    ATTORNEY'S FEES AND COSTS

40. Defendant denies the allegations of Paragraph 16 of Plaintiff's Second Amended Petition.

### XII.    RULE 47 NOTICE

41. No response is required to Paragraph 41 of Plaintiff's Second Amended Petition.

### XIII.    RULE 193.7 NOTICE

42. No response is required to Paragraph 42 of Plaintiff's Second Amended Petition.

### XIV.    RESERVATION OF RIGHTS

43. No response is required to Paragraph 43 of Plaintiff's Second Amended Petition.

### XV.    REQUEST FOR RULE 194 DISCLOSURES

44. No response is required to Paragraph 44 of Plaintiff's Second Amended Petition.

45. All allegations not expressly admitted herein are denied.

### **AFFIRMATIVE DEFENSES**

1. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that, at the time and on the occasion in question, others beyond Defendant's control, including Plaintiff's insured, failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was, alternatively, a proximate cause or a

producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom. Defendant, therefore, invokes the comparative responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including, but not limited to, Section 33.013.

2. Pleading further, alternatively, and by way of affirmative defense, Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible.

3. Pleading further, alternatively, and by way of inferential rebuttal defense, Defendant contends that Plaintiffs' alleged damages, if any, were the result of a new and independent cause that was not reasonably foreseeable by Defendant and over which Defendant had no control.

4. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that there was no defect in the product at issue when it left the control of Defendant, with the result that Plaintiff is not entitled to recover from Defendant in this cause.

5. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that Plaintiff's claim is barred to the extent that the alleged damages, which Defendant denies, were caused by a substantial change in the product after leaving the possession, custody, and control of Defendant.

6. Pleading further, alternatively, and by way of affirmative defense, Defendant pleads that if Plaintiffs have been damaged, which Defendant denies, such damages were caused by abuse, misuse, user error and/or modification of the product at issue for which

Defendant was and is in no way liable.

7. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that the design complained of in Plaintiff's Petition, the alleged defects in the product, and/or any alleged alternative design were not known and, in light of the existing, reasonably available scientific and technological knowledge, could not have been known at the time the product at issue was designed, manufactured, and sold. Any alleged alternative design was not scientifically or technologically feasible or economically practical.

8. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that if Plaintiffs were damaged as alleged, no damages being admitted, such damages were not caused by a product manufactured or sold by Defendant.

9. Pleading further, alternatively, and by way of affirmative defense, Defendant would show that Plaintiffs' product liability claims are barred because the benefit of the product outweighed its risks.

10. Pleading further, alternatively, and by way of affirmative defense, Defendant states that in the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiffs may have entered with any other person or entity.

11. Defendant asserts that any damages sought to be recovered by Plaintiff should be reduced to the extent that Plaintiff or its insured have failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the claimed damages, i.e. failure to mitigate.

12.     Defendant reserves the right to amend this Answer to assert additional defenses, affirmative or otherwise, and to assert third-party claims, all as may be required upon the completion of reasonable discovery and investigation.

WHEREFORE, PREMISES CONSIDERED, Lightning Master Corporation prays that Plaintiff take nothing by this suit, and that Lightning Master Corporation go hence and recover costs in its behalf expended, and such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

  /s/ James H. Moody, III
JAMES H. MOODY, III
Texas Bar No. 14307400

**QUILLING, SELANDER, LOWNDS,
   WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
hmoody@qslwm.com

**ATTORNEY FOR DEFENDANT
LIGHTNING MASTER CORPORATION**

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 23rd day of February, 2018, a true and correct copy of the foregoing document was served upon all counsel of record through the Court's ECF System.

  /s/ James H. Moody, III
James H. Moody, III